Mark A. COHEN, as Receiver for
FBA, Inc., Plaintiff–Appellee,

v.

FB AIR, INC., Quiet Nacelle Corp., and
Fernando Birbragher, Individually,
Defendants–Appellants,

JT 3D–3B Engines 645249, 644192,
644042 and 643337, Defendant.

No. 1492, Docket 93–7108.

United States Court of Appeals,
Second Circuit.

Argued May 17, 1993.

Decided June 11, 1993.

Spencer Weber Waller, Brooklyn, NY (Eric B. Schultz, Seavey Fingerit Vogel Oziel & Skoller, New York City, of counsel), for defendants-appellants.

David J. Federbush, Miami, FL (Greer, Homer & Bonner, P.A., Miami, FL, of counsel), for plaintiff-appellee.

Before: VAN GRAAFEILAND, CARDAMONE and ALTIMARI, Circuit Judges.

PER CURIAM:

FB Air, Inc., Quiet Nacelle Corp. and Fernando Birbragher appeal from a partial summary judgment of the United States District Court for the Southern District of New York (Owen, J.) granting declaratory and injunctive relief in favor of plaintiff-appellee Mark A. Cohen. Appellants' principal contention is that the district court erred by failing to consider certain issues of Mexican and international law. For the reasons that follow, we vacate and remand.

The instant case arises out of a dispute as to the ownership of four Pratt & Whitney jet engines. As primary support for his claim of title to the engines, Cohen relies on a series of orders issued by Judge Owen in *United States v. Frederick B. Ayer,* No. 85 Civ. 7728, a receivership action brought to collect unpaid federal taxes. In that case, the district

court, by order dated May 6, 1988, named Cohen Receiver for FBA, Inc., an entity unrelated to defendant FB Air, Inc. The court subsequently ordered repatriation of FBA, Inc.'s assets and directed that the assets be placed in Cohen's possession. Expressly included in the assets were a McDonnell–Douglas DC8–51 airplane and its four jet engines, which at the time were located at Mexico City International Airport. On June 19, 1989, the court issued Letters Rogatory asking Mexican officials to acknowledge Cohen's appointment as Receiver, to place at Cohen's disposal those assets of FBA, Inc. located in Mexico, and to permit Cohen to exercise his authority as Receiver before Mexican tribunals. The record does not identify the person to whom the Letters Rogatory were delivered and contains no copy of a response thereto. Finally, by order dated July 30, 1990, the court set aside as fraudulent a series of conveyances purporting to shift title to the DC8–51 and its engines from FBA, Inc. to certain other corporate entities not parties hereto. In the course of this ruling, the court declared Cohen, as Receiver for FBA, Inc., the owner of the engines.

Appellants trace their title to the engines to the Mexican government, claiming that "seizure of the planes by the Mexican authorities and the subsequent sale extinguished any right, title and interest ... which may have vested in the receivership through this Court." In their opposition to Cohen's summary judgment motion, they aver that Mexican authorities in October 1989 commenced an *in rem* administrative seizure of the engines for violation of Mexico's Federal Vehicle Registration Act. In April 1991, after there was a notice and hearing in purported compliance with the requirements of Mexican law, the engines were sold at public auction to Aero–Alfa, S.A. In June 1991, FB Air, Inc. purchased the engines from Aero–Alfa. The record tends to show that FB Air, Inc. had actual or constructive notice of adverse claims to the engines, but elected to proceed with the purchase after receiving assurances from Mexican sources concerning the validity of the seizure and sale.

FB Air, Inc. transported the engines to the facilities of Quiet Nacelle, Inc. at Opa Locka Airport in Dade County, Florida, where they remain. Cohen commenced the instant action in July 1992, seeking a declaration that he was the owner of the engines, an injunction directing defendants to turn over the engines to him, and compensatory damages for any expenses incurred in recovering the engines and any diminution in their value. Shortly thereafter, Cohen moved for partial summary judgment on his claims for declaratory and injunctive relief. In December 1992, the court granted Cohen's motion in a one-page memorandum order in which it rejected defendants' claim of ownership based on FB Air, Inc.'s asserted status as a bona fide purchaser for value. The court reserved decision on Cohen's damages claim and entered partial judgment pursuant to Fed. R.Civ.P. 54(b).

Our review of the customarily slim summary judgment record satisfies us that, although FB Air, Inc. couched its opposition to summary judgment almost exclusively on its claimed status as a bona fide purchaser for value, its bona fides should not have been the pivotal issue in the case. A purchaser's bona fides has significance only when his claim of title is otherwise defective as against that of an adverse claimant. *See* 3 *Pomeroy's Equity Jurisprudence* § 739, at 8–9 & n. 7 (5th ed. 1941). If FB Air, Inc. acquired valid legal title to the engines as a result of their seizure and sale by Mexican authorities, there was no need for it to claim the status of a bona fide purchaser.

The district court, by ruling against FB Air, Inc. on the ground that it was not a bona fide purchaser, necessarily presupposed that it did not receive valid title from the Mexican government. Because the court did not discuss the validity *vel non* of the Mexican proceedings, we are unable to discern the basis for this implicit refusal to accord legal effect to the Mexican government's actions. Until we determine the district court's rationale, we cannot decide whether it erred. In cases such as the instant one, where the grounds for a district court's decision are unclear, a remand for clarification is appropriate. *See Green v. Brown*, 398 F.2d 1006,

1010 (2d Cir.1968). Therefore, rather than speculate on the district court's reasoning, we vacate the judgment below and remand the case to the district court so that it may explicitly consider and rule on the effect of the Mexican seizure and sale.

In arriving at this decision, we have given no consideration to the Act of State Doctrine, upon which appellants now rely but which apparently was not argued below. We leave it to the district court to decide what significance, if any, it will give to the Doctrine on remand. To assist the district court in its deliberations, we note in passing that Cohen's registration as owner with the FAA did not constitute proof of such ownership. *See Northwestern Flyers, Inc. v. Olson Bros. Mfg. Co.,* 679 F.2d 1264, 1270 n. 13 (8th Cir.1982); 49 U.S.C.App. § 1401(f).

Judgment below vacated and matter remanded to the district court for further proceedings. No costs to either party.