15-1472-cr (L)
*United States v. Barrow*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of July, two thousand twenty-five.

PRESENT:
JOHN M. WALKER, JR.,
JOSEPH F. BIANCO,
BETH ROBINSON,
*Circuit Judges*.

———————————————————————

UNITED STATES OF AMERICA,

*Appellee*,

v.                                                                                          15-1472-cr (L);
                                                                                                23-6963-cr (Con.)

KARRIEM BARROW,

*Defendant-Appellant*.

———————————————————————

FOR APPELLEE:                                   REYHAN WATSON, Assistant United States Attorney (Jacob R. Fiddelman, Assistant United States Attorney, *on the brief*), *for* Damian Williams, United States Attorney for the Southern District of New York, New York, New York.

FOR DEFENDANT-APPELLANT:        DANIEL M. PEREZ, ESQ., Law Offices of Daniel M. Perez, Newton, New Jersey.

Appeal from an original judgment and amended judgment of the United States District Court for the Southern District of New York (Kenneth M. Karas, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the amended judgment, entered on July 28, 2023, is **VACATED**, the original judgment, entered on April 20, 2015, is **AFFIRMED** to the extent that it denied Defendant-Appellant Karriem Barrow's post-trial motions challenging the jury's verdict, and the case is **REMANDED** for further proceedings consistent with this summary order.

Barrow appeals from his original and amended judgments of conviction, following a jury trial. He challenges the amended judgment through counsel pursuant to 28 U.S.C. § 2255, arguing that it contains a clerical error that is inconsistent with the district court's decision to grant his motion to amend his sentence. In a separate *pro se* supplemental brief, Barrow raises additional challenges to the amended judgment and also challenges the original judgment, arguing that all of his convictions must be vacated because of prosecutorial misconduct, ineffective assistance of counsel, and insufficiency of the evidence at trial. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision.

## BACKGROUND

On June 30, 2010, Barrow was charged in an indictment with one count of conspiracy to commit armed robbery, in violation of 18 U.S.C. § 1951 (Count One); one count of armed robbery, in violation of 18 U.S.C. §§ 1951 & 2 (Count Two); one count of conspiracy to commit armed bank robbery, in violation of 18 U.S.C. § 371 (Count Three); seven counts of armed bank robbery, in violation of 18 U.S.C. §§ 2113(a), (d) & 2 (Counts Four through Ten); and eight counts of use of a firearm in connection with a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii)

& 2 (Counts Eleven through Eighteen). Trial commenced on October 25, 2011, and ended on November 3, 2011, when the jury returned a verdict of guilty on all counts. The district court subsequently denied Barrow's first set of post-trial motions for a judgment of acquittal or a new trial under Federal Rules of Criminal Procedure 29 and 33. On April 8, 2015, the district court sentenced Barrow to an aggregate term of mandatory life imprisonment and imposed restitution of $187,827 and forfeiture in the same amount, as well as a $1,800 mandatory special assessment. On April 20, 2015, judgment was entered (the "original judgment").

Barrow timely appealed. While his direct appeal was pending, Barrow moved again in the district court for a new trial pursuant to Federal Rule of Criminal Procedure 33, asserting ineffective assistance of counsel for recommending that Barrow decline an oral plea offer from the government. Barrow argued in his motion that his then-counsel had failed to advise him that he faced a life sentence if he were convicted at trial. As a remedy for the ineffective assistance, Barrow requested the opportunity to accept the government's offer of "a plea to a single count in exchange for a twenty five (25) year sentence." Def.'s Reply in Support of Mot. for New Trial at 1 n.1, *United States v. Barrow*, 10-cr-586 (KMK) (S.D.N.Y. Oct. 3, 2018), ECF No. 244. We held Barrow's direct appeal in abeyance pending the resolution of the new Rule 33 motion.

On October 20, 2020, the district court held an evidentiary hearing and determined that Barrow received ineffective assistance of counsel in connection with the plea offer. In particular, the district court determined after an evidentiary hearing that, at some point prior to trial, the government extended a verbal plea offer to Barrow that would allow him to plead guilty in satisfaction of the indictment to charges carrying a combined statutory maximum of 25 years' imprisonment. Barrow's then-attorney, however, had affirmatively misadvised him that he would not be subject to a mandatory life sentence if he were convicted at trial. The district court further

3

found that Barrow had rejected the plea offer and proceeded to trial because he was not made aware of this sentencing exposure, and that he would have accepted the government's plea offer had he been properly counseled.

The district court then turned to how to remedy the ineffective assistance. At the hearing, Barrow's new counsel made clear that Barrow was no longer seeking a new trial, notwithstanding his pending Rule 33 motion. To remedy the ineffective assistance, Barrow instead requested a new sentence that would reflect the 25-year sentence that he would have received had he been properly advised and accepted the government's verbal plea offer. *See* App'x at 75 (defense counsel indicating that Barrow would "stipulate to a 25-year sentence and let this go away"); *see also id*. (defense counsel indicating that Barrow "has set forth very clearly that he would not have rolled the dice at trial if he had known that the Court would be . . . constrained [to impose a mandatory life sentence, if he was convicted]" and recommending that he "be resentenced to 25 years"). The district court expressed uncertainty about how to implement an appropriate remedy and directed the parties to submit a proposal to the court.

In an October 29, 2020 letter, the parties jointly requested that the court convert the Rule 33 motion into a motion to vacate, set aside, or correct Barrow's sentence under 28 U.S.C. § 2255. Based upon that joint request, the district court converted the Rule 33 motion into a Section 2255 motion, granted the motion, and "correct[ed]" Barrow's sentence to 25 years' imprisonment on Counts One through Eighteen, to run concurrently, with all other aspects of the original sentence remaining the same. App'x at 90–91. In doing so, the district court noted that the parties had agreed at the October 20 proceeding that "the [G]overnment's plea offer was a 25-year statutory maximum [sentence]" and "[a]s such, because this Court has deemed trial counsel ineffective, the Court corrects [Barrow's] sentence and imposes the sentence to which the Defendant would have

pled to." *Id*. at 90. However, the district court did not issue an amended judgment reflecting the "corrected" sentence.

Several months later, on April 2, 2021, Barrow's counsel submitted a consent motion to amend the judgment to 20 years' imprisonment for Count One, conspiracy to commit Hobbs Act robbery, and 5 years' imprisonment for Count Eleven, the use of a firearm in connection with a crime of violence, to run consecutively. The parties' proposal would have again resulted in the agreed-upon 25-year sentence. Relevant here, the joint motion also requested that the district court reduce the special assessment to $200 (*i.e.*, $100 for each of the two agreed-upon counts of conviction), leave the restitution amount unchanged, and dismiss the remaining sixteen counts against Barrow. The district court granted the joint motion to amend the judgment on April 5, 2021. Nevertheless, the district court again did not issue an amended judgment.

Approximately two years later, on April 17, 2023, Barrow informed the court, and the government agreed, that Count One, a Hobbs Act conspiracy charge, could no longer serve as a predicate offense for Count Eleven, a Section 924(c) firearm charge. *See United States v. Barrett*, 937 F.3d 126 (2d Cir. 2019). Therefore, Barrow's counsel requested that the district court dismiss Count Eleven, leaving only a 20-year sentence on Count One. The government opposed Barrow's request. It argued that Count Two, a substantive robbery charge, could serve as a predicate for Count Eleven. By substituting Count Two for Count One, the agreed-upon 25-year sentence could stand. After a conference with the court, the parties jointly requested that: (1) Barrow be adjudged guilty only of Count Four, armed bank robbery, in violation of 18 U.S.C. § 2113(d), and (2) the district court hold a resentencing or file an amended judgment imposing a 25-year term of imprisonment on that sole count.

On May 31, 2023, the district court conducted a proceeding at which, after consulting the parties and with their consent, it stated that it would "file an amended judgment that reflects the 25-year sentence on the count that addresses the 2113(d) charge," namely, Count Four. App'x at 114. The district court also stated that Barrow's Presentence Report would be amended to reflect a conviction on only that count. *Id.* ("I will then also ask Probation to submit a supplemental presentence report that reflects the fact that Mr. Barrow's sentence reflects *one* count . . . ." (emphasis added)).

However, the amended judgment, entered on July 28, 2023, varied from the district court's oral statements made during the May 31 proceeding regarding its intent to impose a one-count sentence. The amended judgment adjudicated Barrow guilty not only of Count Four, but also of Counts Five through Ten, for a total of seven counts of armed bank robbery, in violation of 18 U.S.C. §§ 2113(a), (d) and 3559(c), with concurrent sentences again resulting in the agreed-upon term of 25 years' imprisonment. The district court also imposed a special assessment of $700, $100 levied for each of the seven counts of conviction, and did not disturb the restitution and forfeiture amounts. The district court did not explain why it had departed from its stated intention at the May 31 proceeding, with the agreement of the parties, to impose the 25-year sentence solely on Count Four, and instead imposed that sentence concurrently on seven counts.

Barrow timely appealed the amended judgment on August 21, 2023. On September 5, 2023, we lifted the stay of his direct appeal of the original judgment and consolidated Barrow's two pending appeals. Barrow also sought and received leave to file *pro se* briefs to supplement his counseled submissions.

**DISCUSSION**

**I.      Amended Judgment**

Barrow challenges the amended judgment based on an alleged clerical error, pointing to the discrepancy between the district court's oral statements made during the May 31 proceeding indicating that it would enter an amended judgment convicting him on just one count and the subsequently entered written amended judgment reflecting seven counts of conviction.

As a preliminary matter, the government argues that we should decline to reach the merits of Barrow's challenge to the amended judgment under the concurrent sentence doctrine. The government argues that notwithstanding the variation between the on-the-record statements and the written counts of conviction, Barrow is still serving seven identical twenty-five-year sentences such that the requested relief would have no impact on the length of his sentence. We are unpersuaded by the government's argument.

Under the concurrent sentence doctrine, we may "decline to consider a challenge to a conviction for which an appellant's sentence runs concurrently with that for another, valid conviction." *Al-'Owhali v. United States*, 36 F.4th 461, 466 (2d Cir. 2022) (internal quotation marks and citation omitted). This "rule of judicial convenience" permits us, in our discretion, "to avoid reaching the merits of a claim altogether in the presence of identical concurrent sentences." *Kassir v. United States*, 3 F.4th 556, 561 (2d Cir. 2021) (internal quotation marks and citations omitted). We apply this doctrine to a collateral attack on a judgment because "[t]he crux of a collateral proceeding is a challenge to the defendant's custody." *Id.* But we do not always apply the doctrine to a direct appeal, because a direct appeal "allows for a frontal attack on a conviction, sentence, or both." *Id.* at 565–66.

7

Barrow counters that the application of the concurrent sentence doctrine in this case is foreclosed by *Ray v. United States*, 481 U.S. 736 (1987), and that its application would "effectively . . . deprive [him] of his direct appeal and establish a new, dangerous precedent." Appellant's Counseled Reply Br. at 11. The Supreme Court held in *Ray* that, on a direct appeal challenging the defendant's convictions, the mandatory special assessment imposed on each count of conviction was sufficient to demonstrate that the sentences imposed were "not concurrent" in all respects and thus to prevent application of the concurrent sentence doctrine. 481 U.S. at 737.[1] Barrow argues that the district court's imposition of a $100 special assessment on six counts that Barrow now attacks both directly and collaterally is sufficient to avoid application of the concurrent sentence doctrine under *Ray*, particularly because Barrow has not yet had the opportunity to challenge those convictions on direct appeal.

We decline to decide whether we can apply the concurrent sentence doctrine to this unusual case. Although the district court converted Barrow's motion for a new trial into a Section 2255 motion and issued the amended judgment after granting that motion, we are simultaneously considering a direct appeal of Barrow's convictions (as discussed *infra*), which are reflected both in the original judgment and, in part, in the amended judgment. Even assuming *arguendo* that we *could* narrowly apply the concurrent sentence doctrine only to Barrow's challenge to the district court's Section 2255 decision, the simultaneous and intertwined nature of Barrow's challenges to the amended judgment and to his convictions on direct appeal counsel against exercising our

---

[1] In *Kassir*, we noted that, in the wake of the Supreme Court's decision in *Ray*, "[w]e have continued to regularly apply the [concurrent-sentence doctrine] principle in direct appeals where a defendant challenges *only* the length of one concurrent sentence, rather than the legality of a conviction underlying that sentence." 3 F.4th at 562 (emphasis added). We further observed that "[o]ur decisions in this respect have generally been framed in terms of harmless-error review," because "any error in one of the lesser or equal sentences is harmless and does not affect substantial rights, where at least one of the greater or equal sentences remains intact." *Id.*; *see also id.* at 562 n.28 (collecting cases).

discretion to apply the concurrent sentence doctrine here.  Accordingly, we proceed to the merits of Barrow's arguments with respect to the amended judgment.

In his counseled briefing, Barrow argues that we "should remand for the clerical correction of the amended judgment to reflect the single count of conviction and single 25-year sentence that the parties asked for and the district court announced" at its May 31 proceeding.  Appellant's Counseled Reply Br. at 16.  Barrow reasons that the May 31 proceeding was a resentencing and the district court's oral pronouncement (rather than the written judgment) thus strictly controls the written judgment of conviction.  *See United States v. Rosario*, 386 F.3d 166, 168 (2d Cir. 2004) ("It is well settled, as a general proposition, that in the event of variation between an oral pronouncement of sentence and a subsequent written judgment, the oral pronouncement controls . . . .") (citations omitted)).  The government disagrees, countering that the May 31 proceeding was not a resentencing and that the amended judgment is *ipso facto* evidence that the district court exercised its broad discretion "in fashioning a remedy on Barrow's Section 2255 motion."  Appellee's Br. at 19; *see also id.* at 22–23.

We must first determine whether the May 31 proceeding was indeed a sentencing hearing such that the oral sentence "constitute[d] the judgment of the court" and provided the "authority for the execution of the court's sentence."  *United States v. Marquez*, 506 F.2d 620, 622 (2d Cir. 1974) (internal quotation marks and citation omitted).  It was not.  It is true that the district court initially referred to the May 31 proceeding as "an amended sentencing," App'x at 113, and memorialized the hearing in a minute entry describing the proceeding as a "Sentencing" and "re-sentence," *id.* at 37.  But it is clear from the substance of the proceeding that the district court ultimately did not conduct a resentencing.  Rather, the district court determined that it would "file an amended judgment that reflects the 25-year sentence on the count that addresses the 2113(d)

9

charge," pursuant to the agreement of the parties in connection with the Section 2255 motion. *Id*. at 114.

Having concluded that the May 31 proceeding was not a sentencing, we treat the amended judgment as the district court's choice of remedy under Section 2255, which we review for an abuse of discretion. *United States v. Gordon*, 156 F.3d 376, 381 (2d Cir. 1998) (per curiam).

As a threshold matter, the entry of an amended judgment was not, standing alone, an abuse of discretion. "Section 2255 grants district courts the discretion to choose among four remedies when reviewing a sentence that was not authorized by law or is otherwise open to collateral attack," including "correct[ing] the sentence as may appear appropriate." *United States v. Peña*, 58 F.4th 613, 618 (2d Cir. 2023) (internal quotation marks omitted). "On appeal, Barrows agrees with the government and the district court that in light of *Peña*, the district court had discretion to enter an amended judgment *or* hold a resentencing." Appellant's Counseled Br. at 19 n.3 (emphasis added).

Remand is nevertheless required because the record is ambiguous as to the district court's reasoning regarding the counts of conviction in the amended judgment. The district court provided no explanation as to why the amended judgment did not reflect its endorsement of the agreement that had been reached by the parties at the May 31 proceeding—namely, an amended judgment imposing a 25-year sentence on Count Four. It is thus unclear on this record whether the terms of the written amended judgment resulted from a clerical mistake (as Barrow argues) or from a deliberate change by the district court to convict Barrow on the additional counts outside the scope of the parties' agreement (as the government argues). If the seven counts in the amended judgment were a reflection of the district court's discretion rather than the result of a clerical error, this record precludes us from meaningfully reviewing whether the district court's selection of the alternative remedy, as reflected in the amended judgment, was a proper exercise of its discretion. Although

10

the government offers several reasons why the district court may have departed from its stated intention at the May 31 proceeding regarding the remedy for the Section 2255 motion, we decline to engage in such speculation. Instead, under these circumstances, the absence of any reasoning warrants remand. *See Cohen v. FB Air, Inc.*, 995 F.2d 378, 379–80 (2d Cir. 1993) (per curiam) ("In cases such as the instant one, where the grounds for a district court's decision are unclear, a remand for clarification is appropriate. Therefore, rather than speculate on the district court's reasoning, we vacate the judgment below and remand the case to the district court . . . ." (internal citation omitted)); *see also In re Bolar Pharm. Co., Inc., Sec. Litig.*, 966 F.2d 731, 732 (2d Cir. 1992) (per curiam) (stating that "[i]f we are to be satisfied that a district court has properly exercised its discretion, we must be informed by the record of why the district court acted as it did"); *see generally United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (en banc) ("We cannot uphold a discretionary decision unless we have confidence that the district court exercised its discretion and did so on the basis of reasons that survive our limited review.").

Barrow's *pro se* brief raises two additional arguments related to the amended judgment that we find unpersuasive. First, Barrow asserts that the district court should have required a plea allocution before amending the judgment to reflect the sentence he would have received had he accepted the government's plea offer. In general, the appropriate remedy under *Lafler v. Cooper*, 566 U.S. 156 (2012), for the kind of ineffective assistance of counsel that Barrow received would have been for the government to reoffer the plea proposal and for the district court to have held a plea colloquy. But even assuming *arguendo* that a formal plea allocution was required in this situation, we conclude that Barrow affirmatively waived this right in agreeing to the 25-year sentence on Count Four, subsequent to the jury's guilty verdict on that count.

11

Waiver occurs when, as here, a defendant intentionally decides not to assert a right. *See United States v. Graham*, 51 F.4th 67, 76 (2d Cir. 2022). In this case, Barrow's counsel "actively solicit[ed] or agree[d] to [the] course of action that [Barrow now] claims was error," thereby waiving his right to object to the procedure used in connection with amending his sentence pursuant to Section 2255. *United States v. Spruill*, 808 F.3d 585, 597 (2d Cir. 2015). The parties jointly requested that the district court "hold a resentencing or file an amended judgment" reflecting a 25-year sentence on Count Four without requesting that the district court conduct a guilty plea proceeding. Dist. Ct. Dkt. No. 268 at 2. Barrow failed to object when, at the beginning of the May 31 proceeding, the district court expressed uncertainty about the necessity of a resentencing and the government replied that the court "could have just amended the judgment if [it] wanted to." App'x at 113.

Second, Barrow challenges the amended judgment based on alleged ineffective assistance of counsel in relation to the actions taken after the parties discovered that Count One could not serve as a predicate for Count Eleven under our precedent. In particular, Barrow argues for the first time on appeal that his counsel agreed without his consent to substitute Count Four for Count Eleven, rather than insisting that Count Eleven be dismissed, leaving only a 20-year sentence under Count One. We decline to consider this argument because it was not raised before the district court. *See Massaro v. United States*, 538 U.S. 500, 505 (2003) ("[I]neffective-assistance claims ordinarily will be litigated in the first instance in the district court.").[2]

---

[2] Although Barrow did not raise this ineffective assistance claim in the district court, he is not prohibited from doing so in the future because, "where a first habeas petition results in an amended judgment, a subsequent habeas petition [challenging that judgment] is not successive, regardless of whether it challenges the conviction, the sentence, or both." *Johnson v. United States*, 623 F.3d 41, 46 (2d Cir. 2010); *see also Magwood v. Patterson*, 561 U.S. 320, 339 (2010); *Marmolejos v. United States*, 789 F.3d 66, 70 (2d Cir. 2015) ("*Magwood* and *Johnson* [] stand for the principle that when a judgment is entered on account of new substantive proceedings involving reconsideration of either the defendant's guilt or his appropriate

In sum, we vacate the amended judgment and remand the case for the district court to either: (1) issue an amended judgment to reflect the conviction and sentence agreed upon by the parties and the district court at the May 31 proceeding, as the proper remedy in the wake of the district court's granting of Barrow's Section 2255 motion; or (2) provide reasoning as to the legal basis for any remedy in the amended judgment if it deviates from the agreed-upon conviction and sentence.

If the district court chooses on remand to elaborate on its reasoning as to the legal basis for selecting an alternative remedy in the amended judgment, either party may restore this matter to the active docket of this court by letter without filing a new notice of appeal. *See United States v. Jacobson*, 15 F.3d 19, 22 (2d Cir. 1994).

## II. Original Judgment

Barrow asserts that we should vacate the original judgment based on alleged constitutional violations that occurred during his trial, namely, prosecutorial misconduct during summations, ineffective assistance of counsel at trial, and insufficiency of the evidence as to two counts. Barrow raised these challenges below in his motion for judgment of acquittal and motion for a new trial, both of which were denied by the district court. *See* Fed. R. Crim. P. 29, 33.

On appeal, as a threshold matter, the government asserts that Barrow's challenges to the original judgment are now entirely moot in light of the district court's decision on the Section 2255 motion and the amended judgment. We disagree. Though the district court granted Barrow's Section 2255 motion and amended his sentence to reflect a 25-year term of imprisonment, and

---

punishment, it is a new judgment for purposes of AEDPA . . . .”). Thus, with respect to the amended judgment, “we decline to review [Barrow's] claim of ineffective assistance of counsel on the record now before us,” but Barrow “may pursue this [same] claim in a § 2255 petition” challenging any amended judgment issued by the district court following the remand. *United States v. Morris*, 350 F.3d 32, 39 (2d Cir. 2003).

may have thereby mooted challenges to certain aspects of the original judgment on direct appeal, the district court's decision on the Section 2255 motion did not address Barrow's underlying challenges to the jury verdict with respect to his convictions, upon a subset of which the amended judgment is still based.

As a result, we will address Barrow's *pro se* challenges to his convictions at trial. The government argues that we should not because, "[a]lthough the District Court did not formally have Barrow plead guilty, the same result was functionally achieved by the District Court's chosen remedy—urged by Barrow—to simply 'correct' Barrow's sentence." Appellee's Br. at 13. In the government's view, "Barrow has therefore actually received all of the relief he seeks in challenging his trial, and a decision of this Court concluding that his now-superseded trial was infected with error as Barrow alleges in his *pro se* brief would not result in any effectual relief." *Id.* at 13–14 (alteration adopted) (internal quotation marks and citations omitted). To be sure, we have explained that "a guilty plea does not 'waive' constitutional challenges so much as it conclusively resolves the question of factual guilt supporting the conviction, thereby rendering any antecedent constitutional violation bearing on factual guilt a non-issue." *United States v. Gregg*, 463 F.3d 160, 164 (2d Cir. 2006) (per curiam); *see also Tollett v. Henderson*, 411 U.S. 258, 267 (1973) (holding that a petitioner who pleaded guilty in their underlying state proceeding "may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea" and, instead, "may only attack the voluntary and intelligent character of the guilty plea"). However, given that Barrow did not formally plead guilty to any of the charges and there is no indication in the record that he agreed to forego any challenges to his underlying convictions at trial by agreeing to the corrected sentence of 25 years' imprisonment on Count Four, it would be inappropriate for us to decline to consider his direct appeal.

14

First, Barrow asserts that the government engaged in prosecutorial misconduct because its rebuttal summation involved improper burden-shifting, and because the prosecutor stated that Barrow's primary witness lied, misstated the evidence, and intentionally misled the jury. The district court rejected Barrow's prosecutorial misconduct argument below. We review that decision for abuse of discretion. *United States v. Banki*, 685 F.3d 99, 119–20 (2d Cir. 2011), *as amended* (Feb. 22, 2012). "In asserting this [prosecutorial misconduct] claim, [Barrow] face[s] a heavy burden, because the misconduct alleged must be so severe and significant as to result in the denial of [his] right to a fair trial." *United States v. Locascio*, 6 F.3d 924, 945 (2d Cir. 1993). In determining whether a defendant was denied the right to a fair trial, we consider the severity of the misconduct, any curative measures taken, and the likelihood of conviction absent the misconduct. *See United States v. Perez*, 144 F.3d 204, 210 (2d Cir. 1998).

Here, Barrow unpersuasively challenges the prosecutor's statement in rebuttal summation that Barrow could not explain certain incriminating evidence offered against him as improper burden-shifting. In a summation, "[t]he prosecutor is entitled to comment on a defendant's failure to call witnesses to contradict the factual character of the government's case, as well as his failure to support his own factual theories with witnesses." *United States v. Bubar*, 567 F.2d 192, 199 (2d Cir. 1977) (internal citations omitted). But a constitutional violation will occur "only if either the defendant alone has the information to contradict the government evidence referred to or the jury 'naturally and necessarily' would interpret the summation as a comment on the failure of the accused to testify." *Id.* (citation omitted). Here, defense counsel's summation centered on discrediting the testimony of a cooperating witness, Carl Farrington, who testified about committing the charged armed robberies with Barrow. Thus, when viewed in context, the prosecutor's comment in summation was not improper because it "was directed at the prior

15

arguments of defense counsel," namely, defense counsel's purported failure to address any of the other incriminating evidence presented by the government, aside from Farrington's testimony. *Id.* at 200. We are similarly unpersuaded by Barrow's arguments regarding other comments made by the prosecutor during the rebuttal summation. Thus, we conclude that the district court did not abuse its discretion in rejecting these prosecutorial misconduct claims.

Second, Barrow argues that he received ineffective assistance of counsel at trial because his attorney failed to expose the government's witnesses to the adversarial process, properly investigate and call witnesses, make appropriate objections, move to preclude the government's cell site expert, and arrange for expert testimony regarding DNA and cell site evidence. These arguments, too, are without merit.

To prevail on an ineffective assistance claim, Barrow must demonstrate both that his counsel's representation fell below the objective standard of reasonableness under prevailing professional norms and that this failure caused prejudice. *See Strickland v. Washington*, 466 U.S. 668, 688, 693 (1984). In evaluating the quality of the representation, we strongly presume that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgement." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (internal quotation marks and citation omitted); *see Dunn v. Reeves*, 594 U.S. 731, 739 (2021). To prove prejudice, Barrow "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. We review a claim of ineffective assistance of counsel *de novo*, *United States v. Guang*, 511 F.3d 110, 119 (2d Cir. 2007), and review the district court's underlying factual findings for clear error, *see Davis v. Greiner*, 428 F.3d 81, 92 (2d Cir. 2005).

16

For the reasons thoroughly explained by the district court in denying Barrow's post-trial motion, we conclude that defense counsel's decisions were tactical and strategic, and did not constitute an unreasonable exercise of professional judgment. Moreover, we agree with the district court that there is no reasonable probability that the outcome of the trial would have been different, but for trial counsel's alleged errors, in light of the overwhelming evidence of guilt.

Finally, we reject Barrow's argument that the evidence was insufficient to support a guilty verdict with regard to Counts One and Two, conspiracy to commit Hobbs Act robbery and substantive Hobbs Act robbery, respectively.[3] We review a challenge to the sufficiency of the evidence *de novo*. *United States v. Martinez*, 110 F.4th 160, 171 (2d Cir. 2024). To succeed on a sufficiency of the evidence claim, Barrow "must show that the evidence, even when viewed most favorably to the government, would not allow *any* rational jury to find" him guilty on the challenged counts. *United States v. Aquart*, 912 F.3d 1, 46 (2d Cir. 2018) (emphasis in original); *see also* Fed. R. Crim. P. 29.

Barrow asserts that this standard is satisfied here because "[t]here was no direct evidence of Barrow's participation in [the Hobbs Act] robbery," cooperating witness Farrington's testimony was uncorroborated, and the testimony of other government witnesses was contradicted. Appellant's Pro Se Br. at 1–2; *see id*. at 47–50. We disagree. Farrington provided direct evidence of Barrow's participation in the robbery by testifying that he committed the robbery with Barrow. "A conviction may be sustained on the basis of the testimony of a single accomplice, so long as that testimony is not incredible on its face and is capable of establishing guilt beyond a reasonable

---

[3] Although the amended judgment, which did not include convictions on Counts One and Two, arguably mooted this challenge, that amended judgment is now vacated, as discussed *supra*. Thus, because the district court may ultimately enter a new amended judgment that deviates from the conviction and sentence agreed upon by the parties and district court at the May 31 proceeding, we address Barrow's sufficiency of the evidence challenge to Counts One and Two in an abundance of caution.

17

doubt." *United States v. Gordon*, 987 F.2d 902, 906 (2d Cir. 1993). Here, Barrow fails to point to anything in the record that would render Farrington's testimony facially incredible or incapable of establishing guilt beyond reasonable doubt. In any event, Barrow's convictions were not based on the testimony of Farrington alone. Indeed, as the district court explained, "[t]he case against Mr. Barrow was overwhelming" as to these counts, and Farrington's testimony was in fact "consistent with the other evidence in this case." Dist. Ct. Dkt. No. 167 at 73–74. In sum, we conclude that Barrow's insufficiency claim is without merit.

*        *        *

We have considered Barrow's remaining arguments and conclude that they are without merit. Accordingly, the amended judgment is **VACATED**, the original judgment is **AFFIRMED** to the extent that it denied Barrow's post-trial motions challenging the jury's verdict, and the case is **REMANDED** for further proceedings consistent with this summary order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court